Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 14, 2013, which vacated an arbitration award and remanded the matter to a new arbitrator, unanimously modified, on the law, to reinstate the award to the extent it (1) found that petitioner’s termination was justified and (2) imposed sanctions against petitioner’s counsel for violation of the par *708 ties’ stipulated confidentiality order, and to vacate the remand, and otherwise affirmed, without costs.
The arbitrator exceeded the scope of his authority by excluding petitioner from certain portions of the arbitration proceedings, over her objection, in violation of rule 23 of the American Arbitration Association’s Commercial Arbitration Rules (see CPLR 7511 [b] [1] [iii]; Matter of Council of School Supervisors & Adm’rs, Local 1, Am. Fedn. of School Adm’rs, AFL-CIO v New York City Dept, of Educ., 87 AD3d 883, 884-885 [1st Dept 2011], lv denied 19 NY3d 803 [2012]; see also Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 182 [1995]).
The exclusion of petitioner from approximately 5% of the proceedings was, however, harmless error, since the result would have been the same had she been present. Petitioner’s case rested on her argument that respondents’ reasons for terminating her were merely a pretext to avoid paying her what she believed would be very high commissions. Since the evidence presented during petitioner’s absences from the proceedings had no bearing on that issue, there is no basis for vacating the arbitrator’s finding that petitioner was fired for her repeated, and severe, violations of the conflict of interest provisions of her contract, as well as for her threats against her employer (see e.g. Matter of Inyx, Inc. v Bartke, 2008 NY Slip Op 32953[U] [Sup Ct, NY County 2008] [partially vacating award for violation of fundamental rights]). Nor is there any basis for vacating the sanction against petitioner’s counsel for violating the confidentiality order. Concur — Friedman, J.P, Sweeny, DeGrasse, Richter and Feinman, JJ.